UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PUGET SOUND ELECTRICAL WORKERS HEALTHCARE TRUST, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SOUTH SOUND ELECTRIC, INC., <br><br> Defendant. | CASE NO. C13-0960JLR <br><br> ORDER STRIKING MOTIONS |

On August 27, 2013, the court entered a scheduling order in this matter which set a September 8, 2014, trial date. (Min. Order (Dkt. # 8) at 1.) In the same order, the court set a dispositive motions deadline of June 10, 2014. (*Id.*) Thus, under the court's

ORDER- 1

scheduling order, all dispositive motions would be ready for decision no later than Monday, July 7, 2014, which is approximately two months prior to the trial date.[1]

The court issues scheduling orders setting trial dates and related dates to provide a reasonable schedule for the resolution of disputes.  The schedule generally provides approximately 90 days between the deadline for filing dispositive motions and the trial date.  This 90-day period takes into account: (a) an approximate 30-day lag between the date a party files a motion and the date that motion becomes ripe for the court's consideration, *see* Local Rule W.D. Wash. LCR 7(d)(3); and (b) an additional 30 days during which the court endeavors to rule on the motion, *see id.* at LCR 7(b)(5).  Anything short of a 90-day period leaves inadequate time for the parties to consider the court's ruling and plan for trial or an alternate resolution.

On May 29, 2014, Plaintiffs timely filed a motion to strike Defendants South Sound Electric, Inc.'s ("South Sound") affirmative defenses under Federal Rule of Civil Procedure 12(h)(2).  (Plf. Mot. (Dkt. # 13).)  On June 10, 2014, Plaintiffs timely filed a motion for summary judgment.  (Def. Mot. (Dkt. # 18).)  Subsequent to filing these motions, however, Plaintiffs renoted them both for July 18, 2014 and July 25, 2014, respectively.  (*See* Plf. Notices (Dkt. ## 22, 23).)

---

[1] Ordinarily, dispositive motions filed on June 10, 2014, would be noted for Friday, July 4, 2014.  *See* Local Rules W.D. Wash. LCR 7(d)(3).  However, because July 4, 2014, is a federal holiday, any reply memorandum that would have ordinarily been due on that Friday is due, under the court's Local Rules, on the following Monday, July 7, 2014.  *See id.*, LCR 6(a) ("When the Local Rules or a court order permits a party to act within a period of time stated in days or a longer unit of time and the last day of the period is a Saturday, Sunday, or legal holiday, the time period continues to run until the following day that is not a Saturday, Sunday, or legal holiday.").

ORDER- 2

There are two problems with Plaintiffs' motions. First, the motions are pending at the same time and thus represent contemporaneous dispositive motions. The court's Local Rules provide that "[a]bsent leave of the court, parties must not file contemporaneous dispositive motions, each one directed toward a discrete issue or claim." Local Rules W.D. Wash. LCR 7(e)(3). Plaintiffs' two motions each seeking dispositive rulings on either its own claims or South Sound's affirmative defenses are in violation of the forgoing Local Rule.

In addition, Plaintiffs have impermissibly renoted their motions in a manner that skirts the deadline for dispositive motions set forth in the court's scheduling order and circumvents other provisions in the court's Local Rules. The Local Rules emphasize the importance of the court's scheduling order and the parties' compliance with it. *See* Local Rules W.D. Wash. LCR 16(b)(1) (requiring the court to enter a scheduling order "as soon as practicable" that "include[s] . . . [a] deadline[] for the . . . filing of dispositive motions"); *id.*, LCR 16(b)(3) (requiring parties to file dispositive motions "[n]ot later than the deadline to filed dispositive motions")). Plaintiffs purport to renote their motions pursuant to Local Rule LCR 7(l). (*See* Notices at 1.) Local Rule LCR 7(l) permits the parties to renote their motions prior to the filing of a response by the opposing party. *See id.* LCR 7(l). Plaintiffs, however, have utilized Local Rule 7(l) in a manner that renotes their dispositive motions so that the motions will not be heard in a timely fashion under the court's scheduling order. If the court were to interpret Local Rule LCR 7(l) in the manner Plaintiffs suggest, then a party could simply continue to renote its dispositive motions under Local Rule LCR 7(l) until it was literally walking up the

courthouse steps for trial. Viewing the court's Local Rules as a whole, it is clear that this is not what is intended by Local Rule LCR 7(l). The court declines to read Local Rule LCR 7(l) in isolation, and instead, understand Local Rule LCR 7(l) in the context of its Local Rules as a whole. Thus, a party may renote its own motion prior to a response from the opposing party, *see id.*, but also only in a manner that is consistent with the court's scheduling order, *see id.*, LCR 16(b)(1), (3). A party may not renote its motion under Local Rule LCR 7(l) if the motion will no longer be heard in a timely manner under the court's scheduling order.[2]

Based on the foregoing, the court DIRECTS the clerk to STRIKE both motions (Dkt. ## 13, 18) and remove them from the court's motions calendar. If Plaintiffs or South Sound would like to engage in a telephone conference with the court to further discuss scheduling issues in this matter, either Plaintiffs or South Sound may request one, and the court will endeavor to schedule one as soon as reasonably possible.

Dated this 30th day of June, 2014.

JAMES L. ROBART
United States District Judge

---

[2] The court further notes that it has already denied the parties' stipulated request to extend the trial date herein. (*See* Order (Dkt. # 17).) It appears that Plaintiffs are now attempting to unilaterally alter the court's scheduling order through artful use of the court's Local Rules. This is plainly not what was intended by the Local Rules, and the court will not countenance this type of litigation gamesmanship.

ORDER- 4